UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KASEY H., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | Case No. C25-6047-MLP<br>ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends that the administrative law judge ("ALJ") erred by misevaluating his testimony, the medical evidence, the lay evidence, and the vocational expert ("VE") testimony, and requests remand for benefits. (Dkt. # 17.) The Commissioner filed a response conceding legal error and arguing that remand for further proceedings is the proper remedy. (Dkt. # 21.) Plaintiff filed a reply. (Dkt. # 22.) Having considered the ALJ's decision, the administrative record ("AR"), and the parties' briefing, the Court REVERSES the

Commissioner's final decision and REMANDS the matter for an award of benefits under sentence four of 42 U.S.C. § 405(g).[1]

## II. BACKGROUND

Plaintiff was born in July 1978, has at least a high school education, and has no past relevant work. AR at 159. Plaintiff was last gainfully employed in February 2023. *Id.* at 152.

In February 2023, Plaintiff applied for benefits, alleging disability as of December 1, 2021. AR at 149. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* After the ALJ conducted a hearing in January 2025, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 149, 160.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the severe impairments of right leg fracture, left leg disorder, pancreatitis, neuropathy, substance addiction disorder, depression, anxiety disorder. AR at 152. He can perform sedentary work with additional exertional limitations and a limitation to simple, routine, and repetitive tasks with no supervisory duties. *Id.* at 154. He can perform the jobs of Touch-up Screener, with 1,169 jobs available nationally, and Informational Clerk, 5,987 jobs available nationally. *Id.* at 159. The ALJ determined that these jobs exist in significant numbers in the national economy and therefore Plaintiff is not disabled. *Id.* at 159-60.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 2. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

---

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

[2] 20 C.F.R. §§ 404.1520, 416.920.

## III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may overturn the Commissioner's denial of social security benefits if the ALJ's decision rests on legal error or is not supported by substantial evidence. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). In applying this standard, the Court must consider the record as a whole to determine whether it contains sufficient evidence to support the ALJ's findings. *Id.*

Although the Court evaluates the record as a whole, it is not permitted to reweigh the evidence or substitute its judgment for that of the ALJ. *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ is tasked with evaluating testimony, resolving conflicts in the medical evidence, and addressing ambiguities in the record. *Smartt*, 53 F.4th at 494-95. Where the evidence can be interpreted in more than one rational way, the ALJ's decision must be upheld. *Id.* Even if the ALJ erred, reversal is not warranted unless the error affected the outcome of the disability determination. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). The party challenging the ALJ's decision bears the burden of demonstrating harmful error. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## IV. DISCUSSION

### A. Remand for Further Proceedings is the Appropriate Remedy

As the Commissioner concedes error, the only remaining question is whether remand for further proceedings or an award of benefits is the appropriate remedy. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). The Ninth Circuit has established a three-step

framework for deciding whether a case may be remanded for an award of benefits: (1) the ALJ must have failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be fully developed, leaving no useful purpose for further administrative proceedings; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these conditions are met, the Court has the discretion to remand for further proceedings where the record as a whole creates serious doubts about a claimant's disability status. *Id.* Only in rare circumstances should a case be remanded for benefits. *See Treichler v. Colvin*, 775 F.3d 1090, 1100 (9th Cir. 2014).

There is no doubt here that the first step of the *Garrison* test is met. The Commissioner concedes the ALJ erred in his evaluation of Dr. van Dyken's opinion, though he contends that the ALJ's assessment of the remaining evidence is free of legal error, supported by substantial evidence, and that remand for further proceedings is required. (Dkt. # 21.) The Commissioner does not meaningfully respond to Plaintiff's assignment of error at step five, aside from arguing that "[b]ecause the ALJ improperly excluded limitations opined by Dr. van Dyken from the RFC, the first hypothetical question that the ALJ posited to the VE was likewise deficient, such that the expert's responsive testimony was not substantial evidence upon which the ALJ could rely to find Plaintiff not disabled at step five." (*Id.* at 2.)

The Commissioner does not explain how this reevaluation could result in a less-restrictive RFC. Dr. van Dyken opined Plaintiff had moderate to marked limitations in his ability to interact with others, sustain an ordinary routine and regular attendance, regulate emotions, control behavior, and maintain wellbeing. AR at 2288. The only non-exertional limitation in Plaintiff's RFC limits him to simple, routine, and repetitive tasks with no supervisory duties. *Id.*

at 154. Even with this presumably less restrictive RFC, the ALJ determined there were only 7,156 jobs available nationally which Plaintiff could perform, *id.* at 159, which Plaintiff argues was not a significant number (dkt. # 17 at 11-12).

While the Ninth Circuit has found that 25,000 jobs in the national economy presents a "close call" on whether that is a significant number, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014), it has not set out a bright-line rule defining "significance" for purposes of step-five findings. *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012). Instead, it finds a "comparison to other cases is instructive." *Id.* at 389.

The Ninth Circuit's finding in *Lemauga v. Berryhill* is instructive, as there the court noted "that this court has never found a similar number [to 12,600] to be significant." 686 F. App'x 420, 422 (9th Cir. 2017); *see also Rasmussen v. Kijakazi*, 2022 WL 2287566, at *2 (9th Cir. June 24, 2022) ("only 6,349 jobs would exist in the national economy that [claimant] can perform, and that number would be well below what we have held was a 'close call' as to significance."). Further, As Plaintiff correctly argues, the job of Informational Clerk requires reasoning Level Three, which his RFC, limiting him to simple, routine, and repetitive tasks, conflicts with. (Dkt. # 17 at 11-12 (citing Dictionary of Occupational Titles (DOT) #237.367-046)); *see Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015) ("there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning.").) The VE did not resolve this conflict in her testimony, AR at 179-82, nor did the ALJ address it in his decision, *id.* at 159-60. With the job of Informational Clerk eliminated, there are only 1,169 Touch-up Screener jobs nationally that Plaintiff could perform,[3] which is

[3] At the hearing the VE also testified that Plaintiff could perform the job of Addressing Clerk, DOT #209.587-010, with 1,970 jobs available in the national economy. AR at 180. The ALJ did not include this job in those he found Plaintiff could perform in his final decision, apparently rejecting that job. AR at 159. Even with the additional 1,970 jobs this is not a significant number in the national economy.

not a significant number. *See Beltran,* 700 F.3d at 389-90. Accordingly, on the record before this Court, there was no reasonable basis for the ALJ to conclude that there were significant number of jobs in the national economy that Plaintiff could perform.

The Commissioner does not provide the Court with a reasonable basis to remand this case for further proceedings. The only further development of the record the Commissioner argues for is the reassessment of Dr. van Dyken's opinion. (Dkt. # 21 at 11.) Given that a finding of disability would have been required with the insignificant number of jobs Plaintiff could perform with his previously adjudicated RFC, "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004). Accordingly, remand for an immediate award of benefits is appropriate.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for an award of benefits under sentence four of 42 U.S.C. § 405(g).

Dated this 1st day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge